**BAO GE, et al., Plaintiffs,**

v.

**LI PENG, et al., Defendants.**

**No. CIV. 98–1986(TFH).**

United States District Court,
District of Columbia.

Nov. 17, 2000.

John David Hemenway, Hemenway & Associates, Washington, DC, for plaintiff.

Christopher Brady, Hollyer, Brady, Smith, Troxell, Barrett, Rockett, Hines & Mone, New York City, for defendant.

## *MEMORANDUM OPINION*

THOMAS F. HOGAN, Chief Judge.

Pending before this Court is the plaintiffs' Motion for Amendment of Judgment of the Court's Memorandum Opinion and Order of August 28, 2000, dismissing the above captioned case for lack of subject matter jurisdiction. Upon careful consideration of the plaintiffs' motion, the oppositions thereto,[1] and the entire record, the Court will deny the plaintiffs' motion.

## I. BACKGROUND

This case is a proposed class action lawsuit brought against the Chinese Politburo, Politburo Chairman Li Peng, the Bank of China (in New York) and several corporate branches of Adidas. The first amended complaint names four Chinese citizens as potential class representatives for this suit and seeks to represent a class of between 2,000 and 200,000 Chinese citizens who have been imprisoned in Chinese labor camps and allegedly forced to make Adidas soccer balls. Plaintiffs allege that the Chinese government imprisoned them without due process of law and forced them to engage in prison labor, including the production of soccer balls, allegedly bearing the Adidas logo. Plaintiffs additionally allege that defendants and the Chinese government had a business relationship that granted Adidas access to this prison labor. Plaintiffs brought claims under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"); the Torture Victim Protection Act, 28 U.S.C. § 1350, note ("TVPA"); and the supplemental jurisdiction statute, 28 U.S.C. § 1367. In the Memorandum Opinion of August 28, 2000, this Court granted defendants' motion to dismiss these claims, based upon a lack of subject matter jurisdiction.

---

**1.** Despite the plaintiffs' representation to the Court in a praecipe filed September 25, 2000 that they would file a reply brief by September 29, 2000, no reply has been filed. Because the time under Local Rule 7.1(d) has expired, the Court will rule on this pending motion.

## II. DISCUSSION

### A. Standard of Review

 A motion brought pursuant to Federal Rule of Civil Procedure 59(e) gives the Court discretionary authority to reconsider an earlier ruling when there has been an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057–58 (D.C.Cir.1998) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (*per curiam* )) (other citations omitted). " '[A] motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.... A court will grant a motion to reconsider only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling.' " *Assassination Archives & Research Center v. CIA,* 48 F.Supp.2d 1 (D.D.C.1999) (quoting *Amoco Prod. Co. v. Fry,* 908 F.Supp. 991, 994 (D.D.C.1995), *rev'd on other grounds,* 118 F.3d 812 (1997)).

### B. Analysis

 In a thirteen-page motion with many assertions and scant legal authority, the plaintiffs appear primarily to challenge the Court's determination that defendants were foreign states under the Foreign Sovereign Immunities Act for the purposes of rejecting supplemental jurisdiction over Adidas and that the alleged conduct of defendants does not rise to the level of egregiousness required under the private actor prong of the Alien Tort Claim Act. In this motion, plaintiffs have alleged no intervening change of law, have failed to present any new evidence that was not previously available and which would alter this Court's conclusions,[2] and have failed to establish a clear error of law or fact in the Court's previous Opinion. In that Opinion, the Court addressed the issues raised in this motion, outlining in great detail the governing law and the rationale underlying the Court's decision. The plaintiffs therefore have failed to make the requisite

showing for reconsideration under Rule 59(e). *See Firestone,* 76 F.3d at 1208.

## III. CONCLUSION

For the reasons stated above, the Court will deny the plaintiffs' motion for reconsideration. An appropriate Order will accompany this Opinion.

---

**2.** In the praecipe filed on September 25, 2000, the plaintiffs stated that they would file extracts from the United States Senate hearings pertaining to trade relations with China on September 27, 2000. The Court has received no such filing.